UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANONYMOUS MEDIA RESEARCH HOLDINGS, LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>ROKU, INC.,<br><br>        Defendant. | Case No. 24-cv-04171-VC<br><br>**ORDER GRANTING ROKU'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Re: Dkt. Nos. 86, 95, 98, 108, 111 |

      Roku's motion for judgment on the pleadings is granted. This ruling assumes the reader is familiar with the facts, the applicable legal standard, and the arguments made by the parties.

      AMRH asserts that Roku has infringed seven of its patents, each of which relates to the application of automatic content recognition (ACR) to media measurement. The parties do not appear to dispute that there are eight representative claims relating to the seven patents at issue: '622 patent claim 6; '849 patent claim 10; '768 patent claim 9; '848 claim 9; '791 patent claim 9; '896 claim 1; and '883 patent claims 1 and 10. Each of the representative claims follows the same basic structure. Each recites: (1) one or more content recognition steps that results in a "play stream" or a list of content identifications; and (2) a data analysis process. Some of the representative claims include an additional step of generating a media measurement report. Although AMRH contends that the Court must look at the combination of all these steps, it does not dispute that the content recognition steps use ACR technology that predates its patents. The crux of AMRH's innovation is therefore in the data analysis processes incorporated in the representative claims.

The patents are invalid because they are directed to an unpatentable abstract idea without a saving inventive concept. *See Alice Corp. v. CLS Bank International*, 573 U.S. 208, 216 (2014). Each patent lays out a generalized process for how to solve a particular problem relating to raw ACR data, that is, ordered content data that is obtained using pre-existing ACR technology. The Scrubbing Patents (Patents '768, '848, and '883) lay out a data cleaning methodology based on simple reasoning: where there is a data point with a missing or incongruent content ID in between two data points that share the same content ID, the middle data point should also be assigned that content ID. The method described in the Channel Matching Patents (Patents '622 and '849) is essentially a comparison of the sequence of a user's consumed content against the sequences of content played on specific channels in order to figure out what channels a user was listening to. The deduction of play-altering actions described in the Playback Tracking Patents (Patents '791 and '896) is based on simple inferences about timing discontinuities that appear in a user's content data. Given the raw ACR data, a person with basic arithmetic skills could implement the solutions described by AMRH, albeit not at the speed and scale of a computer.

AMRH asserts that the human mind cannot capture a stream of audio sample, produce a play stream of digital IDs, and then self-correct for errors in that list. This framing is misleading. AMRH did not come up with the technology for capturing the audio samples or for producing the play stream. Although the Court must take account of the combination of steps listed in the claim, ultimately it has to focus on the "techniques to process and manage raw ACR data" that AMRH's inventors developed. Those techniques, as described above, are abstract processes.

These abstract ideas are not saved by any "inventive concept." The patents do not detail how the claimed invention would be put into practice through software or hardware. All the patents contribute are generalized processes for data analysis. This is not enough to qualify as an inventive concept, regardless of whether the Court considers the data processing alone or in combination with the other steps.

AMRH asserts that invalidation of its patents at the pleading stage is premature because

2

step two of *Alice* involves factual determinations. *See Berkheimer v. HP Inc.*, 881 F.3d 1360, 1369 (Fed. Cir. 2018) ("Whether something is well-understood, routine, and conventional to a skilled artisan at the time of the patent is a factual determination."). But even if the Court were to take all of AMRH's factual allegations as true, including the allegations AMRH added in its amended complaint to address Roku's challenge, these patents would still be invalid. AMRH's factual allegations about inventiveness focus on its use of ACR for media measurement. Even if AMRH is correct that the use of ACR technology to identify a continuous play stream of content for media measurement was not routine or conventional at the time it obtained its patents, using existing technology in new contexts is not enough on its own to make an abstract process patentable at *Alice* step two. Otherwise, patent applicants could avoid invalidation under Section 101 simply by applying for protection of an otherwise unpatentable technology before the use of that technology became common in a particular context.

**IT IS SO ORDERED.**

Dated: September 12, 2025

_____
VINCE CHHABRIA
United States District Judge